# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:10CV-221-JHM**

**EUGENE N. TURNER**                                                                     **PLAINTIFF**

**VS.**

**FORD MOTOR COMPANY UAW**
**RETIREMENT PLAN, et al.**                                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Ford Motor Company UAW Retirement Plan, for summary judgment pursuant to Fed. R. Civ. P. 56 [DN 12]. Fully briefed, this matter is now ripe for decision.

## I. STANDARD OF REVIEW

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). Rule 56 requires the non-moving party to present "*specific facts* showing

there is a *genuine* issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Eugene Turner, was employed by Defendant, Ford Motor Company, for a period of time in the 1960s and 1970s. Plaintiff was hired to work as an assembler on December 23, 1964, at the Ford Motor Plant located in Louisville, Kentucky. On November 17, 1971, Plaintiff took approved medical leave. Plaintiff claims that he attempted to return to work on February 18, 1972, however, Ford Motor Company's in-house doctor refused to release Plaintiff to return to work. Plaintiff remained on medical leave through September 26, 1975, at which time he was discharged from his employment with the Ford Motor Company. Plaintiff was reinstated on June 22, 1976, and his final day of employment was February 24, 1977. On April 27, 1995, Plaintiff inquired into his pension eligibility. Ford Motor Company advised Plaintiff by letter dated June 4, 1996, and again by letter dated May 5, 1998, that he lacked the 10 years of creditable service necessary to qualify for retirement benefits with the company. On April 16, 2010, the Plaintiff filed this suit under Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover retirement benefits on April 16, 2010. Defendant, Ford Motor Company, filed this current motion for summary judgment on the grounds that the applicable statute of limitations bars Plaintiff's ERISA claims.

## III. DISCUSSION

Title 29 U.S.C. § 1132(a)(1)(B) of ERISA authorizes the Plaintiff as a participant and/or

2

beneficiary to bring a civil action to recover benefits due him under the terms of his plan. "However, ERISA does not provide a statute of limitations for a claim for benefits under § 1132(a)(1)(B)." Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees, 547 F.3d 531, 534 (6th Cir. 2008)(citing Santino v. Provident Life & Accident Ins. Co., 276 F.3d 772, 776 (6th Cir. 2001)). "'[I]n the absence of a federally mandated statute of limitations, the court should apply the most analogous state law statute of limitations.'" Id. (quoting Meade v. Pension Appeals & Review Comm., 966 F.2d 190, 194-95 (6th Cir.1992)). Defendant maintains the most analogous Kentucky statute of limitations is the five-year limitation period set forth in KRS § 413.120(2) governing "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." On the other hand, Plaintiff contends that his benefits denial claim is purely contractual, and therefore, falls under the fifteen-year statute of limitations period set forth in KRS § 413.090(2) for breach of a written contract.

After a review of the case law, the Court finds that the five-year statute of limitations period in KRS § 413.120(2) applies to Plaintiff's ERISA benefit denial claim. Redmon v. Sud-Chemie Inc. Retirement Plan for Union Employees, 547 F.3d 531, 537 (6th Cir. 2008); Daniels v. Life Ins. Co. of North America, 2009 WL 604128 (W.D. Ky. March 6, 2009); Fallin v. Commonwealth Indus., Inc. Cash Balance Plan, 521 F. Supp. 2d 592, 595 (W.D. Ky. 2007)). As noted by the Sixth Circuit, "ERISA is more akin to a statutory scheme such as Workers' Compensation than to any common law cause of action. Therefore, under Kentucky law, the statutory liability provision is the most analogous statute of limitations." Redmon, 547 F.3d at 538 (citation omitted). See also Fallin, 521 F. Supp. 2d at 595 (W.D. Ky. 2007)("It is true that an ERISA claim can itself involve contractual elements because an ERISA plan contains a set of promises, often unilateral ones. Nevertheless,

3

ERISA is a statutory edifice.") (cited with approval in Redmon, 547 F.3d at 537).

Contrary to Plaintiff's argument Redmon does not support the application of the fifteen-year statute of limitations period to his ERISA benefit denial claim. This same argument has been rejected by the District Court in Daniels v. Life Insurance Company of North America, 2009 WL 604128 (W.D. Ky. 2009). See also Fallin, 521 F. Supp.2d at 595. The Court adopts the reasoning set forth in Daniels. While Plaintiff is correct that the Sixth Circuit in Redmon recognized that a claim for ERISA benefits might present an issue of contract law, Redmon, 547 F.3d at 537, such a cause of action involving only state contract law would appear to occur infrequently. As noted by the District Court in Daniels, "[t]he example provided by the Sixth Circuit of such a claim involved a plaintiff challenging the authenticity of a signature on a waiver. Id. Such a cause of action would involve only state contract law, and would not rely on ERISA's federal statutory scheme." Daniels, 2009 WL 604128, *2. In the present case, Plaintiff expressly invokes ERISA's federal statutory scheme as providing his cause of action. (Complaint ¶¶ 3, 16-18.) Just as in Daniels, Plaintiff

> attempts to make use of ERISA's "interlocking, interrelated, and interdependent remedial scheme." Aetna Health Inc. v. Davila, 542 U.S. 200, 204 (2004). Plaintiff filed suit to recover benefits under ERISA's civil suit provision. 29 U.S.C. § 1132(a)(1)(B). Plaintiff requests equitable relief, which is authorized under 29 U.S.C. § 1132(a)(3). Plaintiff also requests attorney's fees, which is authorized under 29 U.S.C. § 1132(g)(1). Because Plaintiff's cause of action is firmly within ERISA's statutory scheme, the proper limitations period is governed by KRS 413.120(2).

Daniels, 2009 WL 604128, *3.

Accepting Plaintiff's argument that his claim accrued in June of 1996, the five-year statute of limitations expired in June of 2001. Plaintiff's filed suit more than five years after his claim was denied by Ford Motor Company. Accordingly, his claim is time-barred.

## IV.  CONCLUSION

For the reasons set forth above, the motion by Defendant, Ford Motor Company UAW Retirement Plan, for summary judgment pursuant to Fed. R. Civ. P. 56 [DN 12] is **GRANTED**. Having concluded that Plaintiff's ERISA claim is time-barred, the Court dismisses the remaining Defendants as well.  A Judgment will be entered consistent with this Opinion.


cc: counsel of record